UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                              CRIMINAL NO. 3:12-CR-137-DPJ-FKB

ROBERT EARL SPIRES

ORDER

Defendant Robert Earl Spires asks the Court to grant him compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Mot. [190].  Spires's motion is denied for the following reasons.

I.      Facts and Procedural History

On November 27, 2012, Spires was charged in a five-count indictment related to his involvement in a drug-trafficking conspiracy.  On June 10, 2013, Spires pleaded guilty to one conspiracy charge, and on October 28, 2013, the Court sentenced Spires to a 211-month term of incarceration; the Court reduced the sentence to 169 months on February 12, 2016.

Spires, a 40-year-old black man who suffers from hypertension and chronic respiratory issues and is obese, is currently housed at the low-security facility in Yazoo City, Mississippi (FCI Yazoo City Low).  According to the Bureau of Prisons (BOP) website, Spires's projected release date is January 26, 2025.  Fearing that he could experience complications were he to contract COVID-19 while incarcerated, given his underlying health conditions, Spires seeks a modification of his sentence under the compassionate-release statute.[1]

---

[1] As of September 3, 2020, four staff members and no inmates at FCI Yazoo City Low have active cases of COVID-19, three inmates have died from the virus, and nine inmates and 49 staff members have recovered from the disease.  Between the two other facilities located at the Yazoo City compound, an additional five inmates and 13 staff members have active cases of COVID-19.

II.     Analysis

Compassionate-release motions arise under 18 U.S.C. § 3582(c)(1)(A)(i), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

Spires submitted a compassionate-release request to the warden at FCI Yazoo City Low on May 22, 2020, and the warden failed to respond by June 21, 2020. The parties therefore agree that Spires exhausted as required by § 3582(c)(1)(A). So the question before the Court is whether, "considering the factors set forth in [§] 3553(a)," "extraordinary and compelling reasons warrant" a reduction in Spires's sentence, "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

In a slightly different context, the Supreme Court found the Sentencing Commission's applicable policy statements binding on district courts. *See Dillon v. United States*, 560 U.S. 817, 830 (2010) (considering § 3582(c)(2), which permits a sentence reduction where the applicable guideline range has been lowered "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). But the question is whether there is presently an applicable policy statement because "[t]he Sentencing Commission has not issued a relevant policy statement since 18 U.S.C. § 3582(c)(1)(A) was amended to permit defendants to

2

file motions for compassionate release" on their own behalves.  *United States v. Woods*, No. 1:17-CR-118-LG-JCG, 2020 WL 3452984, at *2 (S.D. Miss. June 24, 2020).

Many courts continue to follow the prior policy statement, United States Sentencing Guideline § 1B1.13, but some do not.  *Compare id.* (citing *United States v. York*, Nos. 3:11-CR-76, 3:12-CR-145, 2019 WL 3241166, at *4 (E.D. Tenn. July 18, 2019) (holding that "courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction")), *with United States v. Brown*, 411 F. Supp. 3d 446, 451 (S.D. Iowa 2019) (concluding after amendment of § 3582(c)(1)(A) that "the Director's prior 'interpretation of "extraordinary and compelling" reasons is informative,' but not dispositive" (quoting *United States v. Adams*, No. 6:94-CR-302, 2019 WL 3751745, at *3 (M.D.N.C. Aug. 8, 2019))).

It seems at least noteworthy that courts "presume that Congress is aware of existing law when it passes legislation."  *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 169 (2014) (citation omitted).  And that seems doubly true when Congress expressly incorporates that law into a new statute.  If Congress thought § 1B1.13 was a bad fit when it amended § 3582(c)(1)(A) in the First Step Act, it probably would not have incorporated it by reference.  Still, there is no binding precedent or clarity on this issue.

Here, the Government suggests that § 1B1.13 remains binding.  Spires disagrees, asserting that because it "has not been revised to reflect the changes to the compassionate release statute implemented by the First Step Act, it is not an 'applicable policy statement[]' that constrains the scope of the Court's discretion to determine whether 'extraordinary and compelling reasons warrant' compassionate release."  Mot. [190] at 13.  Absent binding authority indicating that the Court should disregard § 1B1.13, the Court agrees with Judge

Guirola that "[r]egardless of whether the policy statement remains binding, it continues to provide helpful guidance for determining whether a defendant is entitled to compassionate release." *Woods*, 2020 WL 3452984, at *2.[2]

Section 1B1.13 "essentially reiterates the requirements of § 3582(c)(1)(A), with the additional requirement that a defendant 'not be a danger to the safety of any other person or to the community.'" *United States v. Dunlap*, No. 1:02-CR-165, 2020 WL 2062311, at *1 (M.D.N.C. Apr. 29, 2020) (quoting U.S.S.G. § 1B1.13(2)). The application notes to § 1B1.13 provide examples of extraordinary and compelling reasons to grant a compassionate release. Application Note 1 states:

> Provided the defendant [is not a danger to the safety of any other person or to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant --
>
> > (i) The defendant is suffering from a terminal illness[.]
> >
> > (ii) The defendant is [suffering from a health condition] that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant -- The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances --
>
> > (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

---

[2] A district court in North Carolina surmised that "[a]s the Sentencing Commission lacks a quorum to amend the U.S. Sentencing Guidelines, it seems unlikely that there will be a policy statement applicable to [compassionate-release] motions brought by defendants in the near future." *United States v. Beck*, 425 F. Supp. 3d 573, 579 n.7 (M.D.N.C. 2019).

> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other reasons -- As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, Application Note 1.

Spires says that, if he contracts COVID-19, "he would be unable to provide self-care and may become so ill that he would not recover," invoking paragraph (A)(ii) of Application Note 1. But he does not contend that he presently suffers from a health condition that impacts his ability to care for himself and from which he is unlikely to recover. He does not present extraordinary and compelling reasons for a sentence modification under paragraph (A)(ii).

And even assuming that the Court is free to identify its own "extraordinary and compelling reason" justifying relief under paragraph (D), Spires's heightened risk of complications in the event he were to contract COVID-19, standing alone, would not qualify, particularly given the current low rate of infection at FCI Yazoo City Low. Were the Court to conclude otherwise, virtually every federal inmate with an underlying health condition would be entitled to compassionate release. *See United States v. Mazur*, No. 18-68, 2020 WL 2113613, at *4 (E.D. La. May 4, 2020) ("Additionally, finding that Mazur's medical conditions combined with the threat of COVID-19 is an extraordinary and compelling reason would potentially have far-reaching implications, as to any defendant currently incarcerated at Mazur's facility with a serious, albeit non-terminal, compromised immune system."). Spires has not shown extraordinary and compelling reasons justifying a sentence modification.

Moreover, the § 3553(a) factors weigh against a sentence modification in Spires's case. Those factors include:

    (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

    (2) the need for the sentence imposed—

        (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        (B) to afford adequate deterrence to criminal conduct;

        (C) to protect the public from further crimes of the defendant; and

        (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    (3) the kids of sentences available;

    (4) the kinds of sentences and the sentencing range established for—

        (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[;]

. . . .

    (5) any pertinent policy statement . . . [;]

. . . .

    (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    (7) the need to provide restitution to any victims of the offense.

Spires was convicted of conspiracy to possess with intent to distribute 500 grams or more of cocaine hydrochloride and was ultimately held responsible for five to 15 kilograms of cocaine, a significant quantity. He attempted to evade arrest on the charge of conviction and, after he was arrested, asked his girlfriend to dispose of firearms, leading to an additional felon-in-possession charge and conviction in a separate case.

    This case represents Spires's eighth drug conviction, and he has two convictions for being a felon in possession of a firearm. His extensive criminal history placed him in the highest criminal-history category, and he was sentenced in the middle of the guideline range. He has

now served roughly 93 months of his 169-month term of incarceration; with a projected release date in January 2025, Spires has served about 63% of his sentence.  And a reduction of his sentence at this point to time served would not reflect the seriousness of the offense or provide just punishment for it.  The § 3553(a) factors do not support a sentence modification.  Likewise, Spires remains a danger to the community.  18 U.S.C. § 3142(g).

III.   Conclusion

The Court has considered all arguments.  Those not addressed would not have changed the outcome.  For the foregoing reasons, Spires's Motion for Compassionate Release [190] is denied.

**SO ORDERED AND ADJUDGED** this the 18th day of September, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE